UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 12-23354-CIV-MARTINEZ/GOODMAN**

GIANFRANCO DIOGUARDI,

    Plaintiff,

v.

GRISOKI, LLC, et al.,

    Defendants.

_____/

## ORDER REAFFIRMING THAT THE DEPOSITION OF DEFENDANT BENJAMIN ROSALES SHALL TAKE PLACE IN THE UNITED STATES

This Cause is before the Undersigned concerning memoranda of law ordered by this Court following a hearing on November 7, 2014 (the "Hearing"). [ECF No. 162]. At the Hearing, the Undersigned ordered each party to submit a memorandum of law on the question of whether Venezuelan law actually requires a Venezuelan national to receive specific advance approval from the Venezuelan government to make a brief trip to the United States. On December 5, 2014, Defendant Benjamin Rosales and Plaintiff Gianfranco Dioguardi submitted their respective briefs. [ECF Nos. 185; 186].

Defendant Benjamin Rosales was ordered to appear in person at the Hearing [ECF Nos. 85; 142], but instead filed a Renewed Motion to Appear Telephonically late the evening before the Hearing [ECF No. 157], which the Undersigned rejected [ECF No. 158]. In the Renewed Motion to Appear Telephonically, Rosales submitted documentation purportedly from a Venezuelan government official that denied Rosales

the opportunity to exit the country in order to attend the Hearing. [ECF No. 157]. At the Hearing, counsel for Plaintiff argued that Venezuelan law features no such restrictions on the movement of its citizens out of the country, absent extraordinary circumstances such as an individual's involvement in a criminal case. Defendant's counsel stood behind the alleged Venezuelan government document that purported to restrict Rosales' movement. The Undersigned thus required the parties to submit the memoranda of law at issue in this Order.

A related matter at issue during the Hearing was whether Rosales should appear for an in-person deposition in the United States. The Court ruled that Rosales must appear at his deposition in person, in the United States, not via videoconference or other electronic connection. [ECF No. 162, p. 2]. The Undersigned noted though that should Rosales' memorandum sufficiently demonstrate that he is unable to enter the United States, then the Court would revisit the ruling. [*Id.*].

Having reviewed the memoranda and attached affidavits, the Undersigned finds that the materials submitted by Rosales are unpersuasive. At no point in Rosales' expert affidavit is it asserted that he is legally not permitted to leave Venezuela, as was the argument asserted in his Renewed Motion to Appear Telephonically [ECF No. 157]. Rather, the expert opinion that is offered merely presents the Court with foggy notions of business relationships potentially being disrupted in uncertain ways by unnamed government officials at unknown levels of the governmental apparatus. [ECF No. 185-

1]. Therefore, the Court's prior Order [ECF No. 162] requiring Defendant Benjamin Rosales to appear in person for his deposition remains unchanged. Should Rosales not appear in person for his scheduled deposition, the Court will enter an Order recommending that he be held in contempt. In addition, the Court will strike and disregard any material that Rosales has submitted, or will submit, on the Motion to Dissolve Writ of Garnishment [ECF No. 74] if he does not appear.

**DONE AND ORDERED** in Chambers, in Miami, Florida, December 9, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
Honorable Jose E. Martinez
All Counsel of Record