UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 12-23354-CIV-MARTINEZ/GOODMAN**

GIANFRANCO DIOGUARDI,

  Plaintiff,

v.

GIROSKI, LLC, et al.,

  Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR SANCTIONS AND CONTEMPT, AND ORDER ON PLAINTIFF'S MOTION REQUESTING CERTIFICATION OF FACTS**

This cause is before the Undersigned upon the District Court's referral [ECF No. 248] of Plaintiff's Motion for Sanctions and Contempt (the "Motion") [ECF No. 221]. The Undersigned has reviewed the Motion and other relevant portions of the record.[1] For the reasons given below, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion be **GRANTED**. Furthermore, in light of this Report and Recommendations on the Motion, Plaintiff's Motion Requesting Certification of Facts under 28 U.S.C. § 636 [ECF No. 245] is **DENIED AS MOOT**.

**I.   Background**

On April 17, 2013, Plaintiff obtained a Final Judgment against Defendants, Giroski, LLC, a Florida Limited Liability Company, and Benjamin Rosales, for

---

[1]   Defendant has not filed a response, and the time to do so has now expired.

$3,916,736.11, jointly and severally. [ECF No. 25]. Plaintiff has collected no money on the judgment, with the exception of $1,000 worth of interest. [ECF Nos. 76; 245].[2]

In relation to Plaintiff's ongoing efforts to collect on the judgment debt, a third party moved [ECF No. 74] to dissolve a writ of garnishment that Plaintiff had entered against an Espirito Santo Bank account. The Undersigned ordered the parties to conduct limited discovery regarding the issue raised in the third party's motion, specifically instructing Defendant Benjamin Rosales ("Defendant") to make himself available for deposition by Plaintiff. [ECF No. 78, p. 2]. Plaintiff served a notice of taking deposition on Defendant [ECF No. 83-2], however Defendant did not appear for this deposition. Plaintiff contends that this deposition was related to general post-judgment discovery as permitted by Federal Rule 69 and Florida Statute 56.29, as well as concerning the third party motion to dissolve writ of garnishment. [ECF No. 221].

---

[2]   The Undersigned notes that Plaintiff claims that only the $1,000 in interest has been collected [ECF No. 245], and since there has been no opposition, the Undersigned will accept that statement. However, the Undersigned is aware of a dispute over the contents of an Espirito Santo Bank account (allegedly) under Defendant's control that was partially held before this Court. That dispute was resolved by way of a settlement, the details of which were not made public. [ECF No. 242]. It is possible that Plaintiff *did* actually recover funds from this bank account that would be counted toward the judgment. **Plaintiff shall file a Notice with the Court within 7 days of the issuance of this Report and Recommendations, indicating if the statement in ECF No. 245 is in fact outdated, and whether Plaintiff has recovered from the Espirito Santo Bank account at issue (or from any other source since the statement that no funds have been recovered). If Plaintiff has obtained recoveries, then the Notice shall specifiy the sources and amounts.**

2

On September 11, 2014, Plaintiff filed a Motion for an Order to Show Cause Why Defendant Benjamin Rosales ("Defendant") Should Not be Held in Contempt of Court [ECF No. 83] for his failure to appear at his deposition. The Undersigned entered an Order to show cause why Defendant "should not be held in contempt of court for failure to abide by the Court's Orders to make himself available for deposition and to timely provide true and complete Fact Information Sheets" and ordered Defendant to appear personally and show cause at the November 7, 2014 hearing. [ECF Nos. 85; 122]. The Court confirmed this mandate the night before the hearing as well. [ECF No. 158].

Defendant failed to appear at the November 7, 2014 hearing and to show cause. [ECF No. 162]. At the time, notwithstanding Defendant's plain failure to show cause, this Court did not enter any sanctions against Defendant, but ordered Defendant to appear personally at his deposition. [ECF Nos. 162; 193]. Specifically, the Undersigned stated that "[s]hould Rosales not appear in person for his scheduled deposition, the Court will enter an Order recommending that he be held in contempt." [ECF No. 193, p. 3]. On January 21, 2015, Defendant again failed to appear at his deposition, despite this Court's second order instructing him to do so. [ECF No. 218].

At present, Defendant is unrepresented in this matter and has not responded to any filings since former defense counsel, Brian Barakat, withdrew from the case (at Defendant's request) on January 27, 2015. [ECF No. 229]. However, the Undersigned notes that Defendant was still represented by counsel at the time the Motion for

3

Contempt was filed; although, it became Defendant's responsibility, as a *pro se* party, to respond to the contempt motion. Furthermore, after defense counsel withdrew, the Undersigned ordered Plaintiff's counsel to certify that Defendant was served a copy of the Motion Requesting Certification of Facts Under 28 U.S.C. § 636 [ECF No. 245] -- which listed all the pertinent facts established above concerning Defendant's contempt of this Court's Orders -- at the address and email address listed in former defense counsel's Motion to Withdraw. [ECF No. 246]. Defendant still did not respond.

## II.  Analysis

Federal Rule of Civil Procedure 69 provides that a judgment creditor . . . may obtain discovery from any person -- including the judgment debtor -- as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Pursuant to Florida Statute 56.29, a judgment creditor is entitled to have the judgment debtor appear at a deposition. Fla. Stat. § 56.29. Plaintiff noticed Defendant for deposition and the Court entertained several motions concerning the manner and location of this deposition. Ultimately, the Undersigned ordered that Defendant was to appear in-person for his deposition in the United States, and, should he not appear for this deposition, the Undersigned would recommend that he be found in contempt. [ECF No. 193]. Defendant never appeared for the deposition.

Florida Statute 56.29 states that "[a]ny person failing to obey any order issued under this section by a judge or general or special magistrate or failing to attend in

4

response to a subpoena served on him or her may be held in contempt." Fla. Stat. § 56.29(10). Under 18 U.S.C. § 401, "[a] Court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command." The inherent powers of federal courts include the power to punish parties for contempt. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("it is firmly established that the power to punish for contempts is inherent in all courts" (internal quotation omitted)). Accordingly, the Undersigned **respectfully recommends** that the District Court find Defendant in **contempt**.

In conjunction with a contempt finding, Plaintiff also asks that specific sanctions be imposed upon Defendant. Plaintiff requests that an arrest warrant be issued for Defendant and that the United States Marshals Service bring Defendant in front of this Court. [ECF No. 221].

The record clearly establishes Defendant's pattern of evasion and disrespect for this Court. The Undersigned required Defendant's personal appearance for hearings and for the taking of depositions. Defendant, without good cause, refused to abide this Court's commands on both counts. Defendant clearly flouted this Court's authority, and it is readily apparent, given Defendant's considerable debt to Plaintiff already, that monetary sanctions are insufficient to purge the contempt and to assure -- or at very least encourage -- Defendant's appearance for deposition.

The Eleventh Circuit Court of Appeals has specifically recognized that in awarding sanctions for civil contempt, a court "ha[s] numerous options, among them: a coercive daily fine, a compensatory fine, attorneys' fees and expenses . . . and *coercive incarceration*." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (emphasis added). The U.S. Supreme Court has recognized that coercive incarceration is within the inherent power of the Court, insofar as it depends on the contemnor's ability to comply, thereby purging himself of contempt, and is designed to coerce, rather than punish and therefore the ordinary requirements of due process do not attach. *Shillitani v. United States*, 384 U.S. 364, 369-70 (1966); s*ee also McCrone v. United States*, 307 U.S. 61, 63 (1939) (petitioner was held in jail until he "purges himself of contempt by obeying the order").

As the Undersigned recommends above, the District Court should find Defendant Benjamin Rosales in contempt. This contempt stems from disobeying numerous orders of this Court to appear in court, as well as for post-judgment deposition. As a result of Defendant repeatedly refusing both of those instructions, the Undersigned views the imposition of coercive incarceration as the only means of achieving compliance in this matter. Defendant is already indebted to Plaintiff for over $4,000,000.00 and (according to Plaintiff, see footnote 1 above) has not yet made any payment toward the principal of that debt. Defendant is also presently not responding to any filings in this matter, and as such, continues to flout the Court's authority.

In accordance with the Court's inherent authority, the Undersigned **respectfully recommends** that all pleadings and filings entered in this Action by Defendant be **stricken**. Furthermore, the Undersigned **respectfully recommends** that Defendant be subject to **coercive incarceration** until such time as he appears before the District Court to show cause and before Plaintiff for deposition. It is readily apparent that Defendant is not readily accessible in the United States, given that many of the discovery disputes revolved around Defendant not making himself available to proceedings in the United States in person. Accordingly, the Undersigned **respectfully recommends** that the District Court **issue an arrest warrant** to the United States Marshals Service directed to Defendant, Benjamin Rosales, a/k/a Benjamin Rosales Kivilevitz, a Venezuelan citizen born on August 26, 1975.

### III. Objections

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(a), the Parties have fourteen (14) days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each Party may file a response to the other Party's objection within seven (7) days of the objection. Failure to file timely objections shall bar the Parties from a de novo determination by the District Court of an issue covered in this Report and Recommendations and bar the Parties from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v.*

*Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, June 9, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record